UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ISA-ABDUL KARIM,

                                    Plaintiff,

        -against-

CORRECTION OFFICER DAYNE BALL; CAPTAIN KATIA LEON; CORRECTION OFFICER APONTE who was assigned to "Mod 10" in the Anna M. Kross Center on or around January 30, 2016; and CORRECTION OFFICER CRUZ who was assigned to "Mod 10" in the Anna M. Kross Center on or around January 30, 2016,

                                      Defendants.

**COMPLAINT AND JURY DEMAND**

ECF CASE

------------------------------------------------------------------------ x

## **PRELIMINARY STATEMENT**

1.     This is a civil rights action in which Plaintiff seeks relief for the violation of his rights secured by 42 USC §§1983 and 1988, and the Eighth Amendment to the Constitution of the United States of America.

2.     The claim arises from Plaintiff's mistreatment while in the custody of the Department of Corrections ("DOC") from around January 30, 2016 until February 6, 2016 in the Anna M. Kross Center (AMKC) on Rikers Island.  Plaintiff attempted suicide on January 30, 2016.

3.     Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## **JURISDICTION**

4.     This action is brought pursuant to 28 USC §1331 and 42 USC §1983.  Pendent party jurisdiction is asserted.

5. Venue is laid within the United States District Court for the Southern District of New York in that the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

6. Plaintiff is a citizen of the United States and is currently living in New York, NY.

7. Defendants were at all times relevant correction officials employed by the DOC, and are sued in their individual capacities.

8. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

9. Plaintiff entered DOC custody on or about November 14, 2015 awaiting trial in his criminal case.

10. Plaintiff had multiple diagnoses of mental conditions, including schizophrenia, that were known to DOC. He suffered hallucinations and seizures. He had multiple hospitalizations for his mental conditions.

11. He had attempted suicide on numerous occasions, including during his incarceration prior to his attempt on January 30, 2015.

12. Plaintiff was being housed in "Mod 10" in AMKC prior to January 30. Mod 10 is an open dorm housing unit. Detainees are detained together in a large room rather than confined to individual cells.

13. DOC psychiatrists did not want Plaintiff housed in a single cell due to his mental condition.

14. While being housed in Mod 10, Plaintiff was being harassed by Defendant Correction Officer Aponte. Defendant Aponte did not want him in the unit.

15. Plaintiff complained about Aponte to medical staff and eventually called 311. Defendant Aponte and his associate Defendant Officer Cruz retaliated by moving him out of Mod 10 to a single cell unit in contravention of the psychiatrists' admonition that he remain in an open dorm setting.

16. Predictably, being in a single cell caused Plaintiff's health to deteriorate rapidly. He attempted suicide by swallowing batteries and he attempted to hang himself. He was removed by DOC staff to Harts Island clinic.

17. In Harts Island, Plaintiff was approached by Defendant Correction Officer Ball who told him he was going to "pay" for the complaint he made against Defendant CO Aponte, referring to Aponte as his "boy", and that he would make him suffer.

18. Defendant CO Ball kept his word. He was lodged in Harts Island intake where he remained for approximately six days. Intake cells are designed for short term stays for detainees being transported.

19. Plaintiff was subjected to conditions that are repugnant to the conscience of mankind. The cell only had a metal chair. He had no toilet, no bed, and no sink. He was forced to urinate and defecate in cartons of milk that were left by other inmates who had passed through. He had no toilet paper. He had no access to personal hygiene items, such as toothpaste and toothbrush or soap.

20. He was not permitted out of the cell to use a bathroom or take a shower. The doctors who visited him noted the poor sanitary condition he was in.

21. He was being seen by medical professionals who noted their concern in the

3

records that he should be moved out of intake and needed greater care. They also noted the lack of hygiene. Despite the medical professionals' requests that he be moved, he was not moved out of intake.

22. One inmate who passed through his holding cell assaulted him, causing a contusion to his face.

23. He was ordered to be taken to Bellevue Hospital. DOC officials, including CO Ball, did not bring him out of his cell on the scheduled day until after the bus to Bellevue had left. He was purposefully withheld and he continued to be "made to suffer" by Defendant Ball.

24. Defendant Captain Ball demanded that plaintiff's paperwork be forged to indicate that he had actually gone to the hospital and returned. Upon information and belief, an officer refused to follow the order.

25. Though he was in excruciating pain from the battery he swallowed, which lodged in his rectum, he received no treatment for it though it was known. He would have been treated for the swallowed battery at Bellevue, instead he was prevented from going to Bellevue by CO Ball and he continued to suffer.

26. Defendant Captain Leon was a supervisor who had responsibility for the intake area and Plaintiff's conditions of confinement. She knew of plaintiff's condition of confinement, she had the authority and responsibility to move him out of the holding pen, but refused to do so. Captain Leon kept him confined in repugnant conditions.

27. Plaintiff was finally removed from Harts Island intake on or about February 5.

## DAMAGES

28. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

4

a. Violation of his right to Due Process of Law under the Fourteenth Amendment to the United States Constitution;

b. Violation of his right under the Eighth Amendment to be free from cruel and unusual punishment;

c. Violation of his right under the First Amendment to freedom of speech, including retaliation for exercising free speech;

d. Physical pain and suffering; and

e. Emotional trauma and suffering, including fear, emotional distress, frustration, fright, horror, grief, depression, loss of sleep, and increased levels of anxiety.

**FIRST CAUSE OF ACTION**
**SUBJECTION TO PRISON CONDITIONS**
**"REPUGNANT TO THE CONSCIENCE OF MANKIND"**
(Violation of Plaintiff's Eighth Amendment Right under the Constitution of the United States to be free from Cruel and Unusual Punishment and/or his Fourteenth Amendment Right to be Free from Violations of (Substantive) Due Process of Law as to all Defendants)

29. The above paragraphs are here incorporated by reference.

30. Defendants Aponte, Ball and Leon acted under color of law and conspired to deprive plaintiff of his civil, constitutional and statutory right to be free from cruel and unusual punishment under the Eighth Amendment and/or due process of law under the Fourteenth Amendment when they subjected Plaintiff him to prison conditions in the Harts Island intake cell that are repugnant to the conscience of mankind.

31. Defendant Aponte caused Plaintiff to be held in the repugnant conditions by conspiring with Defendant Ball to keep him in a holding cell for six days in retaliation for his complaint against Plaintiff.

32. Defendants Ball and Leon held him in repugnant conditions in a holding cell for six days.

33. Defendants acted with malicious intent, purposefulness and/or deliberate indifference and are liable to plaintiff under 42 U.S.C. §1983.

34. Plaintiff was physically and emotionally injured and has been damaged by defendants' wrongful acts.

## SECOND CAUSE OF ACTION
## RETALIATION FOR PLAINTIFF MAKING COMPLAINT AGAINST CO APONTE
(Violation of Plaintiff's First Amendment Right under the Constitution of the United States to Free Speech as to Defendants Aponte and Cruz)

35. The above paragraphs are here incorporated by reference

36. Plaintiff made a complaint City authorities about Defendant CO Aponte's harassment while being housed in Mod 10.

37. Defendant Aponte retaliated against him by removing him from Mod 10 and causing him to be placed by himself in a cell.

38. Defendant Aponte understood that this constituted punishment against Plaintiff because of his mental health status. The cause of the punishment was plaintiff's complaint about him to medical staff and to 311.

39. Defendant acted with malicious intent, purposefulness and/or deliberate indifference and are liable to plaintiff under 42 U.S.C. §1983.

40. Plaintiff was mentally and physically injured, and deprived of his First Amendment right to free speech as a result of Defendant Aponte's retaliation.

## THIRD CAUSE OF ACTION
## RETALIATION FOR PLAINTIFF MAKING COMPLAINT AGAINST CO APONTE

(Violation of Plaintiff's First Amendment Right under the Constitution of the United States to Free Speech as to Defendants Aponte, Ball and Green)

41. The above paragraphs are here incorporated by reference

42. Plaintiff made a complaint City authorities about Defendant CO Aponte's harassment while being housed in Mod 10.

43. Defendant Ball knew from Aponte that Plaintiff had made a complaint against Aponte. At Aponte's behest, Ball retaliated against Plaintiff by causing him to be housed in an unsanitary intake holding cell for six days. In addition, defendants Ball and Green denied him a desperately needed hospital visit. The cause of his tortuous treatment in the intake cell was the complaint he made against Aponte.

44. Defendants acted with malicious intent, purposefulness and/or deliberate indifference and are liable to plaintiff under 42 U.S.C. §1983.

45. Such actions caused plaintiff to suffer physically and mentally, and deprived him of his First Amendment right to free speech.

WHEREFORE, Plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

B. Awarding Plaintiff punitive damages in an amount to be determined by a jury;

C. Awarding Plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury.

DATED:	New York, New York
	December 10, 2018

TO:	Defendants	Yours, etc.,

	/S/

	Stoll, Glickman & Bellina, LLP
	By: Leo Glickman (LG3644)
	Attorney for Plaintiff
	5030 Broadway, Ste. 652
	New York, NY 10034
	(718) 852-3710
	lglickman@stollglickman.com