UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------ x

ISA-ABDUL KARIM,

                        Plaintiff,

       -against-

C.O. DAYNE BALL, et al.

                        Defendants.

------------------------------------------------------ x

**ANSWER**

18-CV-11508 (AJN)(RWL)

**Jury Trial Demanded**

        Defendants Correction Officer Dayne Ball and Correction Captain Katia Leon, by their attorney, James E. Johnson, Corporation Counsel of the City of New York, answering the Complaint, dated December 10, 2018, respectfully[1]:

        1.     Deny the allegations in paragraph "1" of the Complaint, except admit that plaintiff has commenced an action as stated therein.

        2.     Deny the allegations in paragraph "2" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiff's attempted suicide on January 30, 2016.

        3.     Deny the allegations in paragraph "3" of the Complaint, except admit that plaintiff seeks certain relief as stated therein.

        4.     Deny the allegations in paragraph "4" of the Complaint, except admit that plaintiff has commenced an action and invokes the Court's jurisdiction as stated therein.

---

[1] Pursuant to this Court's November 19, 2020, decision and order, the only remaining claims in this action consist of a First Amendment retaliation claim against Ball, and a unconstitutional conditions of confinement claim against Ball and Leon.  See Dkt. No. 62.

5. Deny the allegations in paragraph "5" of the Complaint, except admit that venue in this district is proper.

6. Deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "6" of the Complaint.

7. Deny the allegations in paragraph "7" of the Complaint, except admit that Ball and Leon were employed by the City as an officer and captain respectively between January 30 and February 6, 2016, and admit that plaintiff purports to proceed as stated therein.

8. State that the allegations in paragraph "8" of the Complaint are legal conclusions to which no response is required.

9. Admit on information and belief the allegations in paragraph "9" of the Complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "10" of the Complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "11" of the Complaint.

12. Deny the allegations in paragraph "12" of the Complaint, except admit on information and belief that plaintiff was housed in Mod 10 from January 20, 2016 until his suicide attempt on January 30, 2016.

13. Deny the allegations in paragraph "13" of the Complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "14" of the Complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "15" of the Complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "16" of the Complaint, except admit on information and belief that on January 30, 2016 plaintiff attempted to hang himself.

17. Deny the allegations in paragraph "17" of the Complaint.

18. Deny the allegations in paragraph "18" of the Complaint.

19. Deny the allegations in paragraph "19" of the Complaint.

20. Deny the allegations in paragraph "20" of the Complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "21" of the Complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "22" of the Complaint.

23. Deny the allegations in paragraph "23" of the Complaint.

24. Deny the allegations in paragraph "24" of the Complaint.

25. Deny the allegations in paragraph "25" of the Complaint, except admit on information and belief that on January 30, 2016 plaintiff swallowed a battery.

26. Deny the allegations in paragraph "26" of the Complaint.

27. Deny the allegations in paragraph "27" of the Complaint.

28. Deny the allegations in paragraph "28" of the Complaint.

29. In response to the allegations in paragraph "29" of the Complaint, defendants repeat the responses in the preceding paragraphs as if fully set forth herein.

30. Deny the allegations in paragraph "30" of the Complaint.

31. Deny the allegations in paragraph "31" of the Complaint.

32. Deny the allegations in paragraph "32" of the Complaint.

33. Deny the allegations in paragraph "33" of the Complaint.

34. Deny the allegations in paragraph "34" of the Complaint.

35. In response to the allegations in paragraph "35" of the Complaint, defendants repeat the responses in the preceding paragraphs as if fully set forth herein.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "36" of the Complaint.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "37" of the Complaint.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "38" of the Complaint.

39. Deny the allegations in paragraph "39" of the Complaint.

40. Deny the allegations in paragraph "40" of the Complaint.

41. In response to the allegations in paragraph "41" of the Complaint, defendants repeat the responses in the preceding paragraphs as if fully set forth herein.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "42" of the Complaint.

43. Deny the allegations in paragraph "43" of the Complaint.

44. Deny the allegations in paragraph "44" of the Complaint.

45. Deny the allegations in paragraph "45" of the Complaint.

**FIRST AFFIRMATIVE DEFENSE:**

46. The Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE:**

47. Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any acts of Congress providing for the protection of civil rights.

**THIRD AFFIRMATIVE DEFENSE:**

48. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct, or that of a third party, and was not the proximate result of any act of the defendants.

**FOURTH AFFIRMATIVE DEFENSE:**

49. At all times relevant to the acts alleged in the Complaint, defendants Ball and Leon acted reasonably in the proper and lawful exercise of their discretion and did not violate any clearly established constitutional or statutory right of which a reasonable person would have known, and, therefore, they are entitled to qualified immunity.

**FIFTH AFFIRMATIVE DEFENSE:**

52. Plaintiff failed to mitigate his alleged damages.

**SIXTH AFFIRMATIVE DEFENSE:**

53. Plaintiff's claims may be barred, in whole or in part, under § 1997e(e) of the Prison Litigation Reform Act.

**SEVENTH AFFIRMATIVE DEFENSE:**

54. Plaintiff's claims may be barred, in whole or in part, by his failure to properly exhaust his administrative remedies under the Prison Litigation Reform Act.

**EIGHTH AFFIRMATIVE DEFENSE:**

56. Plaintiff's claims are barred, in whole or in part, by the applicable statutes

of limitations.

**WHEREFORE,** defendants request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
December 14, 2020

>JAMES E. JOHNSON
>Corporation Counsel of the City of New York
>*Attorney for Defendants Dayne Ball and Katia Leon*
>100 Church Street, 3-217
>New York, New York 10007
>tmontaqu@law.nyc.gov
>(212) 356-3504
>
>
>By:      /s/ *T. Montaque*
>         Tristan G. Montaque
>         Assistant Corporation Counsel
>         Special Federal Litigation Division